**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

KELLY REESE,

      Petitioner,      :      Case No. 3:10-cv-218

                         :      District Judge Thomas M. Rose
   -vs-                              Magistrate Judge Michael R. Merz

DEBORAH TIMMERMAN-COOPER,
 Warden, London Correctional Institution,

                         :

      Respondent.

---

**REPORT AND RECOMMENDATIONS**

---

      This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254 by Petitioner Kelly Reese who avers that he is unconstitutionally restrained of his liberty by Respondent Warden (Petition, Doc. No. 1).  The case is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases.

      The Petition shows that Mr. Reese was convicted in the Montgomery County Common Pleas Court in its Case No. 03 CR 1665 and sentenced on December 17, 2003.  He appealed that conviction and the Ohio Supreme Court declined jurisdiction on April 1, 2005.

      A district court may dismiss a habeas petition *sua sponte* on limitations ground when conducting an initial review under Rule 4 of the Rules Governing §2254 Cases, *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002). 28 U.S.C. §2244 (d) provides:

        (1) A 1-year period of limitation shall apply to an application for a

>writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Cases become final on direct review when certiorari is denied or when the time to file a petition for certiorari expires. *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000); *Smith v. Bowersox*, 159 F. 3rd 345 (8th Cir. 1998). Because no petition for certiorari was filed in this case, it became final on direct review 90 days after the Ohio Supreme Court declined jurisdiction, or June 30, 2005. Thus the one-year statute of limitations began to run on July 1, 2005, and expired on June 30, 2006. The Petition herein was not filed until June 8, 2010, nearly four years later.

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Petitioner herein filed a petition for post-conviction relief under Ohio Revised Code § 2953.21, but that petition was not filed until February 11, 2009. A properly filed application for collateral review tolls the federal

statute, but does not restart it. *Bronaugh v. Ohio*, 235 F.3d 280 (6th Cir. 2000). Thus even if the Ohio Revised Code § 2953.21 petition was properly filed[1], the federal statute of limitations had already expired before that filing.

It is accordingly respectfully recommended that the Petition herein be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

June 8, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely

---

[1] Apparently this was a question of concern in the state courts in this case. Whether a collateral review application has been properly filed is entirely a matter of state law. In *Artuz v. Bennett*, 531 U.S. 4(2000), Justice Scalia wrote for a unanimous court:
> [A]n application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, (footnote omitted) the court and office in which it must be lodged, and the requisite filing fee. ... [T]he question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Reese Habeas Limitations R&R.wpd