# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KELLY REESE,

    Petitioner,

  -vs-

DEBORAH TIMMERMAN-COOPER,
Warden, London Correctional Institution,

    Respondent.

Case No. 3:10-cv-218

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This is a habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 3 - docketed as "response") to the Magistrate Judge's Report and Recommendations (Doc. No. 2) recommending that the Petition be dismissed with prejudice as barred by the statute of limitations, 28 U.S.C. § 2244. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

Petitioner does not dispute the Magistrate Judge's initial calculation of the statutory time: he was sentenced on December 17, 2003, and the time for filing a petition for certiorari from the Ohio Supreme Court's decline of jurisdiction expired June 30, 2005. The Petition was not filed until June 8, 2010.

Petitioner says his filing is timely[1] because he "was prevented from discovering the error in

---

[1] According to the Petitioner, the relevant chronology is
April 9, 2008            Ohio Supreme Court decides *State v. Colon*, 118 Ohio St. 3d 26, 885 N.E. 2d 917

-1-

his case until the decision in *State v. Colon*, 2008 Ohio 1624, 118 Ohio St. 3d 36, and subsequent research into the issue of *mens rea* in a deficient indictment." (Objections, Doc. No. 3, PageID 29.) Although he does not say so explicitly, Petitioner is apparently arguing that the time for filing under 28 U.S.C. § 2244 began to run on the date he read *Colon I*, i.e., in the words of § 2244(d)(1)(D), "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." By his reasoning, once the statute began to run on that date, it would have been tolled by his filing a petition for post-conviction relief under Ohio Revised Code § 2953.21 on February 11, 2009, and would have continued to be tolled until the Ohio Supreme Court declined jurisdiction on March 10, 2010.

The difficulty with this argument is that *Colon I* did not provide the necessary factual predicate for the claim. Petitioner was served with the indictment in his case back in 2003 and it would have been apparent from the face of the indictment that Counts One, Two, and Four, the counts on which the Petition is founded, did not have a *mens rea* element. Petitioner did not understand the possible legal significance of that fact until he read *Colon I*, but the legal significance of facts is different from their existence and availability for discovery. Nothing in § 2244 suggests that the statute begins to run when a petitioner finally understands the legal significance of facts relevant to his claim.

Petitioner's argument under § 2244(d)(1)(D) is unavailing. Accordingly, the Magistrate

---

|  |  |
|---|---|
|  | (2008)("*Colon I*"). |
| July 31, 2008 | Ohio Supreme Court decides *State v. Colon*, 119 Ohio St. 3d 204 (2008)(*Colon II*). |
| February 11, 2009 | Petitioner files petition for post-conviction relief in Montgomery County Common Pleas Court. Denied April 9, 2009. |
| May 4, 2009 | Petitioner appeals to Second District Court of Appeals. Trial court affirmed November 6, 2009. |
| December 16, 2009 | Appeal taken to Ohio Supreme Court. Jurisdiction declined March 10, 2010. |
| June 8, 2010 | Petition filed in this Court. |

-2-

Judge again respectfully recommends that the Petition be dismissed with prejudice as time-barred and that Petitioner be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

June 28, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Reese Habeas Limitations Supp R&R.wpd